THE STATE, DEFENDANT IN ERROR, v. GEORGE COOPER ET AL., PLAINTIFFS IN ERROR.

Submitted July 8, 1918—Decided June 17, 1919.

1. The jurisdiction of the State of New Jersey, both civil and criminal, extends to the middle line of the tidal waters of the Delaware river, separating this state from the State of Delaware.
2. An indictment charging the sale of intoxicating liquor "at Penns Grove, in the borough of Penns Grove, in the county of Salem," is not supported by proof that the offence complained of was committed in or upon the waters of the Delaware river adjacent to the borough.

On error to the Salem County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and ·Justices SWAYZE and TRENCHARD.

For the plaintiffs in error, *Thomas G. Hilliard.*

For the state, *Daniel V. Summerill, Jr.*, prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The indictment under which the defendants were convicted charged them with the illegal

sale of intoxicating liquor on Sunday, the 23d day of July, 1916, "at Penns Grove, in the borough of Penns Grove, in the county of Salem." The proofs showed that the defendants were in the possession of a steamboat which they had fitted up with a bar, and that they sold intoxicating liquors of various kinds to persons who came on board the boat. The *modus operandi,* as proved by the state's witnesses, was this: The boat was anchored in the waters of the Delaware river, some one hundred and fifty feet or more from the shores of Salem county. The defendants used a bateau or rowboat, between the shore and the vessel, for the purpose of carrying to the vessel parties who desired to obtain liquor. When the occupants of the rowboat came on board the steamer the anchor was raised, and the boat was allowed to drift down the river while sales were being made. When the consumption of liquor stopped the steamer was propelled to the original anchorage by its own power, and the customers then disembarked.

The defendants admit the truth of the state's evidence, but they insist, first, that their conduct was not a violation of the law of New Jersey, because of the fact that their sales were made on the open navigable waters of the Delaware river while their boat was in motion, and that, consequently, they were without the jurisdiction of the state. And they insist, further, that aside from the question of jurisdiction, their conviction cannot be supported for the reason that the sales proved against them were not those charged in the indictment; in other words, that the grand jury had specified that these sales were made, not on the waters of the Delaware river, but at a place known as Penns Grove, and located within the limits of the borough of Penns Grove.

We think the first contention, that is, lack of jurisdiction, is without merit. The tidal waters of the Delaware river separate this state from the State of Delaware. By a compact entered into between these two sovereign powers, the jurisdiction of each state, both civil and criminal, extends to the middle line of the river. The acts proved against the defendants all occurred well to the east of that middle line,

and, therefore, within the jurisdiction of New Jersey. *Comp. Stat., p.* 5374 *et seq.*

The contention that the defendants had been convicted of a crime other than that charged against them by the grand jury cannot, we think, be successfully controverted. The criminal offence laid against them was the sale of intoxicating liquor on Sunday at a place within the borough limits of the borough of Penns Grove specifically mentioned. Not only did the proofs show sales in the open waters of the Delaware, instead of at the place designated in the indictment as "Penns Grove" (which we assume was a grove within the borough limits), but there was no attempt made on the part of the state to show that the boundaries of the borough extended below the low-water mark of the Delaware river. By the act of 1856 (*Comp. Stat., p.* 5371), the judicial investigation and determination of any capital or other offence committed within or upon the waters of the river Delaware, which this state is entitled to enjoy and exercise by virtue of its agreement with the state of Delaware, "shall belong to and be exercised by the courts and officers of the county lying and being nearest to the place where such offence, trespass or act was committed," and the offence shall be described "as having been committed in or upon the water of the river Delaware in the said county." Not only is the offence specified by the grand jury different from that proved at the trial, but the fact that the indictment did not describe the offence as having been committed in or upon the water of the river Delaware, in the county of Salem, was, by implication, a declaration by the grand jury that the jurisdiction exercised was not that conferred upon the criminal courts of Salem county by the act of 1856, and, consequently, the present conviction would be no answer to an indictment submitted by a subsequent grand jury based upon the statute just referred to, and charging the identical offence which has been proved against the defendants in this case.

The judgment under review must be reversed.